# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| FRED CLIFTON,<br><br>                      Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                      Respondent. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:17CV1153DAK<br><br>Judge Dale A. Kimball |

       This matter is before the court on Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255. On April 6, 2016, Petitioner pled guilty to Travel with Intent to Engage in Illicit Sexual Conduct in violation of 18 U.S.C. § 2423. On October 19, 2016, this court sentenced Petitioner to 54 months in the custody of the Bureau of Prisons. Petitioner did not appeal.

       In his § 2255 motion, Petitioner argues his counsel was ineffective for failing to pursue the validity of an unsigned arrest warrant. Petitioner also argues that his § 2255 motion should be granted because the arrest warrant was unsigned and thus defective. However, in his plea agreement, Petitioner waived his right to bring a § 2255 motion "except on the issue of ineffective assistance of counsel." Therefore, the only issue is whether Petitioner's counsel was ineffective in failing to pursue the warrant issue.

       In this case, the arrest warrant was issued pursuant to a grand jury indictment on March 18, 2105. "The return of an indictment by a grand jury is a conclusive determinaiton of the issue

of probable cause." *United States v. Nunez*, 668 F.2d 1116, 1125 (10th Cir. 1981).

Rule 9(b)(1) of the Federal Rules of Criminal Procedure provides that an arrest warrant issued on an indictment "must conform to Rule 4(b)(1) except that it must be signed by the clerk and must describe the offense charged in the indictment or information." Fed. R. Crim. Pro. 9(b)(1). In this case, the arrest warrant was issued on the same date as the indictment, it includes a short description of the offense, and is signed by the deputy court clerk. Therefore, the arrest warrant complied with the federal rules and was not defective. Accordingly, counsel could not have raised the issue because it was without merit and would have been frivolous.

Because Petitioner has failed to show that his counsel's performance was deficient or that he was prejudiced by his counsel's performance, the court DENIES his § 2255 motion based on ineffective assistance of counsel.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253, a certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir.2005) (quoting 28 U.S.C. § 2253(c)(2)). The court finds that "reasonable jurists could not debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). The court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right and, therefore, declines to issue a Certificate of

Appealability. If Petitioner wishes to appeal the court's ruling on his motion, he must seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

DATED this 7th day of December, 2017.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge