# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>FRED CLIFTON,<br><br>                Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:15CR151DAK<br>Civil No. 2:17cv1153DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant Fred Clifton's motion for relief from a judgment pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure. Defendant's Rule 60(b) motion comes after an unsuccessful attempt to attack his sentence under 28 U.S.C. § 2255 in Civil Case No. 2:17cv1153DAK. This court denied the § 2255 petition on the merits, denied a Certificate of Appealability, and the Tenth Circuit subsequently denied a Certificate of Appealability. Defendant filed this Rule 60(b) motion in his original criminal case, not his § 2255 civil action. However, the court notes that while Defendant listed only his criminal case number, Defendant styled himself as a petitioner and the United States as a respondent as if he was filing the motion in his § 2255 action. A rule of civil procedure could be applicable in Defendant's § 2255 civil action whereas it is not applicable in his criminal case. Therefore, the court finds it unclear whether Defendant intended to file the motion in his criminal or civil case. To the extent that the motion was filed in Defendant's criminal case, the motion is denied

because rules of civil procedure do not apply in criminal cases. To the extent, that Defendant intended to file the motion in his § 2255 civil action, the court will analyze the motion more fully.

Under Rule 60(b)(1), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" based on "(1) mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(4). Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999). "A plaintiff must overcome a higher hurdle to obtain relief from a post-judgment motion than on direct appeal from a judgment." *LeFleur v. Teen Help*, 342 F.3d 1145, 1153 (10th Cir. 2003).

In *Spitznas v. Boone*, 464 F.3d 1213 (10th Cir. 2006), the Tenth Circuit outlined "steps to be followed by district courts in this circuit when they are presented with a Rule 60(b) motion in a habeas or § 2255 case." *Id.* at 1216. "The district court should first determine . . . whether the motion is a true Rule 60(b) motion or a second or successive petition." *Id.* "If the district court concludes that the motion is a true Rule 60(b) motion, its should rule on it as it would any other Rule 60(b) motion." *Id.* at 1217. "If, however, the district court concludes that the motion is actually a second or successive petition, it should refer the matter to this court for authorization under § 2244(b)(3)." *Id.* (citing 28 U.S.C. § 1631 authorizing transfer of civil actions filed without jurisdiction in the interest of justice "to any other court in which the action could have been brought at the time it was filed or noticed.") "In the case of a 'mixed' motion–that is, a motion containing both true Rule 60(b) allegations and second or successive habeas claims–the

district court should (1) address the merits of the true Rule 60(b) allegations as it would the allegations in any other Rule 60(b) motion, and (2) forward the second or successive claims to this court for authorization." *Id.*

In determining whether Petitioner's motion is a true Rule 60(b) motion, "[i]t is the relief sought not his pleading's title, that determines whether the pleading is a § 2255 motion." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). In *United States v. Nelson*, 465 F.3d 1145 (10th Cir. 2006), the court explained that "whether a postjudgment pleading should be construed as a successive application depends on whether the pleading (1) seeks relief from the conviction or sentence or (2) seeks to correct an error in the previously conducted habeas proceeding itself." *Id.* "A pleading asserting a 'new ground for relief' from the [criminal] judgment is advancing a new claim and is therefore treated as a successive . . . application." *Id.* "On the other hand, if the pleading only 'attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings,' then it is not advancing a new claim and should not be characterized as a successive petition." *Id.*

Therefore, this court must determine whether each of Defendant's four grounds for relief qualifies as a Rule 60(b) motion or a successive § 2255 motion. Defendant asserts (1) a warrantless in-home arrest, (2) unlawful pretrial detention, (3) fraud on the court relating to the date of his arrest and arraignment, and (4) ineffective assistance of counsel for failure to litigate a Fourth Amendment issue. These requests for relief are substantive attacks on Defendant's criminal judgment, not assertions of defects in his § 2255 proceeding. Therefore, Defendant's motion is properly characterized as a successive § 2255 motion. Under the terms of § 2255, a

second or successive § 2255 motion is not permitted to be filed in the district court absent authorization from the court of appeals. Section 2255 provides in relevant part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Under Section 2244, any claim presented in a second petition that was presented in the prior petition shall be dismissed. 28 U.S.C. § 2244(b)(1). Any claim not presented in the prior application shall be dismissed unless the petitioner shows that (1) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and such facts would establish by clear and convincing evidence and that no reasonable factfinder would have found the petitioner guilty of the underlying offense. *Id.* at § 2244(b)(2).

In turn, 28 U.S.C. § 2244(b)(3)(A) mandates that "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* Rules Governing Section 2254 Cases in the United States District Courts, Rule 9; *Coleman v. Unites States*, 106 F.3d 339, 341 (10th Cir. 1997).

The Tenth Circuit has held that "when a second or successive petition for habeas corpus

relief under § 2254 . . . is filed in the district court without the required authorization by this court, the district court should transfer the petition or motion to this court in the interest of justice pursuant to [28 U.S.C.] § 1631." *Coleman*, 106 F.3d at 341. The court may also dismiss the petition for lack of jurisdiction. *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

The district court must consider several factors in determining whether a transfer under 28 U.S.C. § 1631 is in the interest of justice. These factors include "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *Id.* at 1251. The court must also consider that the court of appeals will not authorize the filing of a second petition unless the petitioner can meet the requirements of Section 2244(b)(2) outlined above.

In this case, the court concludes that Defendant's § 2255 issues are without merit and cannot meet the standards of Section 2244(b)(2). The claims are time barred and do not rely on any new law or facts that could not have been included in Defendant's first § 2255 motion. Therefore, it is not in the interest of justice to transfer the claims to the Tenth Circuit and the claims are dismissed for lack of jurisdiction.

For the above reasons, Defendant's Motion for Relief from a Judgment or Order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is DENIED.

DATED this 1st day of October, 2018.

_____
DALE A. KIMBALL
United States District Judge